JOHN ASHLEY *vs.* ALLEN WOLCOTT & others.

On the trial of an action of tort for filling up and obstructing a brook, a witness, who has testified that he filled up the brook by orders of the defendant, cannot be asked by the defendant on cross-examination, whether the defendant, at the time of giving such orders did not tell the witness that the plaintiff had dug it out.

Letters, produced by a deponent in answer to interrogatories, and annexed to his deposition, are not thereby made competent evidence, if otherwise incompetent, and not inspected by the party interrogating.

ACTION OF TORT for filling up and obstructing the channel of a brook, by which water was accustomed to be drained from the plaintiff's land across the land of Allen Wolcott, one of the defendants.   Trial before *Thomas,* J. who signed the following bill of exceptions :

" To prove the agency of Allen Wolcott, the plaintiff called one Keef, who testified that said Allen sent him as his hired man to fill up said channel, and that in consequence of such directions, he did aid in the work.   On cross-examination the defendants' counsel asked the witness, if Allen Wolcott, at the time he told him to fill up the channel, did not say Ashley had dug it out ?   Upon objection, this was held to be inadmissible.   The defendants' counsel then asked the witness, ' What did he say . Did he say Ashley dug the ditch ? '   This was held incompetent.   The defendants' counsel then proposed the general question, ' What was said by the defendant Allen Wolcott, when he told the witness to fill up the channel ? '   This was held to be competent, so far as it related to any directions given to the witness at the time; but incompetent, so far as it sought to obtain from the witness what Allen had stated as to the previous acts of the plaintiff.   At a subsequent stage of the cause, it was proved by various witnesses, and was not disputed, that the plaintiff had dug out the channel, though to what depth did not clearly appear.

" The defendants produced the deposition of Francis Wolcott, which was read in evidence.   In cross-examination of said witness, the plaintiff put the following interrogatory : ' Have you

received any letters or communications of any kind from any one in relation to the matter inquired of by this commission? If so, state when, from whom, and to what purport; if in writing attach all such communications or copies to your deposition.' To which interrogatory the witness answered as follows: ' I have received letters which are here exhibited;' and three letters of Allen Wolcott, one of the defendants, so referred to, were annexed to said deposition. The defendants' counsel proposed to read said letters in evidence, as part of the answer of the witness. The judge, upon objection being made, ruled that the annexation of the letters did not of itself make them competent evidence; that whether competent or not could be determined only by inspection of the court. No request was made to the presiding judge to examine the letters for this purpose. The deposition, with the letters annexed, may be referred to.

" To which rulings the defendants except."

*G. Ashmun & W. G. Bates,* for the defendants.

*J. Wells,* for the plaintiff.

DEWEY, J. In deciding the question raised by the first exception, as it seems to us, we may not overlook the point to which the witness was introduced by the plaintiff. While it is quite true, as contended on the part of the defendants, that the declarations of a party are evidence in his favor, when introduced by the other party; as is also the further general proposition, that, where a witness is called to testify to the declarations of one of the parties on a particular occasion, the whole that was said on that occasion may be required to be stated, as well that in his own favor, as that against his interest; yet nevertheless this rule, allowing all that was said at the same interview to be stated, must be taken with some qualifications.

In the present case, the witness was called to prove the fact, that he was employed by the defendants, as their hired man, to fill up the channel, and that, in pursuance of the directions of the defendants, he did aid in the same. It was quite competent for the defendants to ask the witness to state the whole conversation bearing upon the point, and the entire language used by the defendants, with all the qualifications used in reference to the filling up the channel.

But the defendants proposed to go very much further, and to ask the witness to state whether one defendant did ·not, at the time of telling him to fill up the channel, say that the plaintiff had dug it out. This, we think, is carrying the inquiry beyond the principle upon which the rule is founded, requiring the whole conversation that took place at the time to be stated The proposed question, if answered in the affirmative, would not in any respect qualify or control the statements as to the witness being employed to fill up the channel. It was a statement in relation to a past transaction, and not conversation of the defendant, connected with the act of sending the witness to fill up the channel. The varied forms of the inquiry do not change the result, as the anticipated answer from the question in all these forms was the same, and the evidence excluded was confined to the defendant's statements of the previous acts of the plaintiff. *Haynes* v. *Rutter*, 24 Pick. 245.

2. The question of the right of the defendants to read to the jury the letters appended to the deposition of Francis Wolcott seems to have been disposed of by the presiding judge without reaching the general question whether letters of the adverse party, responsive to the call in the interrogatory, and containing statements material to the matter in issue, which letters have been annexed to the deposition, may be read by such adverse party as evidence in his favor to the jury. The ruling of the judge was only that the annexation of the letters did not of itself make them competent evidence; that whether competent or not could be determined only by inspection of the court. No request was made to the presiding judge to examine the letters for this purpose. For aught that appears, the judge would have admitted these letters to be read, had they been submitted to the court for examination for this purpose. It does not appear by the exceptions that these letters, although called for by the plaintiff, had ever been inspected or read by the plaintiff or his counsel. Under these circumstances, the ruling of the judge furnishes no ground for setting aside the verdict. *Exceptions overruled.*